[Civ. No. 10985. Second Appellate District, Division One.—November 27, 1936.]

EARL MAYO et al., Respondents, v. CARL LISKO et al., Defendants; NATIONAL FUNDING CORPORATION (a Corporation), Appellant.

S. A. Shoop for Appellant.

Lasher B. Gallagher for Respondents.

WHITE, J., *pro tem.*—This is an action brought to recover damages resulting from injuries sustained by plaintiffs in an automobile accident. Judgment was rendered in said action in favor of the plaintiffs and against the defendants Carl Lisko and National Funding Corporation. The appeal from said judgment has been taken solely by the defendant National Funding Corporation.

Appellant was held liable as owner under the provisions of section 1714¼ of the Civil Code, in effect at the time of the accident, on October 28, 1934. The main question raised

upon this appeal was whether appellant was chargeable with liability as the owner under the facts disclosed by the record herein.

In the month of June, 1934, the Cadillac automobile involved in this action stood of record in the names of one Begeman as "registered owner" and Rucklos and Kingsley as "legal owner". On June 22, 1934, defendant Carl Lisko, a loan broker, procured a loan on said automobile from appellant, National Funding Corporation on behalf of the defendant Hambaugh, who gave a note and chattel mortgage securing the same; defendant Lisko guaranteeing payment thereof. Upon payment of $370 to Rucklos and Kingsley, the latter delivered the so-called "pink slip" to appellant National Funding Corporation. On the same day, appellant transferred, in the regular course of business, the Hambaugh note and chattel mortgage to Standard Discount Corporation, by endorsement and written guaranty of payment; and likewise gave a written assignment of the chattel mortgage to Standard Discount Corporation. On June 29, 1934, Standard Discount Corporation then duly caused itself to become the legal owner of record, and a certificate of legal ownership ("pink slip") was issued by the department of motor vehicles, showing Hambaugh as "registered owner" and Standard Discount Corporation as "legal owner", which registration remained unchanged until January 18, 1935, and constituted the record of registration at the time of the accident which is the subject of this action.

About October 19, 1934, Hambaugh, the registered owner and in possession of said Cadillac automobile, drove the same to Kelley Kar Company to trade it in on another automobile, which latter automobile is of no further concern in this case. Kelley Kar Company got in touch with Standard Discount Corporation, the then registered legal owner, and was referred by the latter to National Funding Corporation, who in turn referred it to Lisko as the party who had originally guaranteed the Hamburgh note. As a result of these negotiations, Kelley Kar Company entered into an indemnity agreement with defendant Lisko, and on October 20, 1934, Lisko took possession of the Cadillac automobile. It was while Lisko was driving it a few days later that the accident which is the subject of this action occurred.

■ Appellant's main contention is that the finding of the trial court that appellant owned said automobile at the time and place of the collision·and that it was being driven by Lisko with the consent and permission of appellant, is contrary to law and not supported by the evidence. We find ourselves in accord with this claim of appellant. While it is true there is evidence in the record to sustain the claim of respondent that when the car was finally sold in January, 1935, appellant received the money therefor, nevertheless, in our opinion, the evidence clearly shows that throughout the year 1934 appellant was a mortgagee who had assigned its mortgage to another finance company, and consequently was not at the date of the accident the legal owner of the automobile in question. While collections of payments due under the mortgage were made through the office of appellant, it appears that Standard Discount Corporation maintained a collector in appellant's office for the purpose of making these collections. In our opinion, the record clearly establishes the fact that on the very day the mortgage was executed in favor of appellant upon the automobile in question, appellant transferred the note and mortgage to Standard Discount Corporation, guaranteeing the payment thereof. Consequently, Standard Discount Corporation became the prime creditor and was entitled to hold the automobile as collateral for the payment of the note and mortgage in addition to the guaranty of appellant; a claim which Standard Discount Corporation asserted when said company registered itself as legal owner of the car; a registration which we think they were entitled to make by reason of the assignment of the note and mortgage covering the car to them. We find no analogy in the facts of this case with the case of *Schmidt* v. *C. I. T. Corp.*, 14 Cal. App. (2d) 92 [57 Pac. (2d) 1016], cited by respondents. In the latter case C. I. T. Corporation sold the automobile under a conditional sales contract. The conditional sale vendees were given possession of the automobile by C. I. T. Corporation and used the same up to and including the time of the accident. So far as the record in the case just cited shows, the C. I. T. Corporation continued to hold in its possession the conditional sales contract, and was therefore the legal owner, whereas in the instant case the record clearly indicates that appellant, on the very day it received the note and mortgage, assigned the same to

Standard Discount Corporation, and the latter company filed the certificate of legal ownership showing itself as legal owner.

Other contentions are advanced by appellant which we find it unnecessary to discuss, because in our opinion appellant was erroneously held liable as owner under the facts as disclosed by the record herein.

The judgment appealed from is reversed as to National Funding Corporation, a Corporation.

York, Acting P. J., and Doran, J., concurred.

A petition by respondents to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on January 25, 1937.