[Civ. No. 9904.   First Appellate District, Division Two.—May 15, 1936.]

GEORGE C. SCHMIDT, Respondent, v. C. I. T. CORPORA-
TION (a Corporation), Appellant.

JOHN CARL SCHMIDT (a Minor), Respondent, v. C. I. T.
CORPORATION (a Corporation), Appellant.

Thomas & Sullivan for Appellant.

Peter tum Suden and Richard tum Suden for Respondents.

SPENCE, J.—Two actions, one by an injured minor and the other by the father of the injured minor, were brought to recover damages resulting from the injuries sustained by the minor in an automobile accident. Said actions were consolidated for the purpose of trial and for the purpose of this appeal. Judgments were rendered in said actions in favor of the plaintiffs and against the defendants Jay Seaman and C. I. T. Corporation. The appeals from said judgments have been taken solely by the defendant C. I. T. Corporation.

Appellant was held liable as owner under the provisions of section 1714¼ of the Civil Code, in effect at the time of the accident on July 3, 1933. The main question raised upon this appeal is whether appellant was chargeable with liability as the owner under the undisputed facts disclosed by the record.

Appellant sold the automobile to defendant Jay Seaman and others under a conditional sales contract dated June 14, 1933. It is conceded that no certificate of ownership or certificate of registration was delivered to the conditional sales purchasers and that neither the certificate of ownership nor the certificate of registration was forwarded to the division of motor vehicles as provided in subdivision b of section 45 of the Motor Vehicle Act until some time after the accident on July 3, 1933. It is further conceded that no notice of the sale was given immediately after the sale as provided in section 45¾ of the Motor Vehicle Act and that such notice was not received by the division of motor vehicles until some time after said accident. The conditional sale vendees were given possession of said automobile by appellant on June 15, 1933, and said vendees used the same up to and including the time of the accident.

Section 1714¼ of the Civil Code, as then in effect, provided in part: "Every owner of a motor vehicle shall be liable and responsible for the death of or injury to person or property resulting from negligence in the operation of such motor vehicle, in the business of such owner or otherwise, by any person using or operating the same with the permission,

express or implied, of such owner . . . If a motor vehicle be sold under a contract of conditional sale whereby the title to such motor vehicle remains in the vendor, such vendor or his assignee shall not be deemed an owner within the provisions of this section, but the vendee, or his assignee shall be deemed the owner notwithstanding the terms of such contract, until the vendor or his assignee shall retake possession of such motor vehicle.''

■ Appellant contends that the last-quoted portion of said section 1714¼ exempted it from liability as owner and that the provisions of section 45¾ of the Motor Vehicle Act had no application to conditional sales but only to unconditional sales. This contention of appellant may not be sustained as it has been fully answered in the decision in *Bunch* v. *Kin,* 2 Cal. App. (2d) 81 [37 Pac. (2d) 744]. It was there held that said section 45¾ of the Motor Vehicle Act applied to conditional sales as well as to unconditional sales and that a conditional sales vendor was not exempt from liability as owner under said section 1714¼ unless he had complied with the provisions of the Motor Vehicle Act.

■ Appellant further contends that it ''was never the registered owner of the automobile in question and therefore did not come under the provisions of section 1714¼ of the Civil Code''. This contention arises out of the fact that appellant purchased the automobile from Paul Kunde in May, 1933, and received from him the certificate of ownership duly endorsed by him but appellant never forwarded said certificate of ownership to the division of motor vehicles as required by subdivision b of section 45 of the Motor Vehicle Act. As a result, the automobile was registered in the name of said Paul Kunde until long after the accident occurred. Appellant concedes that, under section 45¾ of the Motor Vehicle Act, said Paul Kunde was not liable as owner after the sale to appellant and the endorsement and delivery to appellant of the certificate of ownership, but seems to take the position that its failure to forward the certificate of ownership to the division of motor vehicles · as required by subdivision b of section 45 of the Motor Vehicle Act relieved it from liability as owner by virtue of the provisions of subdivision e of said section 45. We cannot sustain appellant's contention. Said subdivision e was enacted to encourage prompt compliance with the other requirements of

the act and was not enacted for the benefit of those who fail to comply with such requirements. It is true that appellant was never the *registered* owner of the automobile but we are of the opinion that it became the owner within the meaning of section 1714¼ of the Civil Code immediately upon the transfer from Paul Kunde. Its failure to comply with said subdivision b constituted a misdemeanor (Motor Vehicle Act, sec. 153) and appellant cannot take advantage of its own wrong. (Civ. Code, sec. 3517.) In other words it must bear the burden of ownership under said section 1714¼ of the Civil Code in the same manner as though it had complied with the provisions of said subdivision b of section 45 of the Motor Vehicle Act upon purchasing the automobile from Paul Kunde.

Appellant further contends that the trial court erred in giving certain instructions regarding liability under section 1714¼ of the Civil Code. We need not discuss this contention as appellant was properly held liable as owner under the undisputed facts and the error, if any, in the instructions was not prejudicial.

The judgments are affirmed.

Nourse, P. J., and Sturtevant, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on July 13, 1936.