[Civ. No. 12006.   Second Appellate District, Division Two.—January 27, 1939.]

E. F. GUILLOT, Respondent, v. EARL P. HAGMAN et al., Defendants; KELLEY KAR CO. (a Corporation), Appellant.

Kenneth J. Murphy for Appellant.

Robert G. Partridge and Wallace O'Connell, as *Amici Curiae,* on Behalf of Appellant.

Kryne Van Den Akker for Respondent.

CRAIL, P. J.—This is an appeal by the Kelley Kar Company from a judgment in favor of the plaintiff in an action for damages arising out of a collision between an automobile, driven by defendant Earl Hagman, and plaintiff as a pedestrian. It is the contention of the appellant that the plaintiff was guilty of contributory negligence as a matter of law, and that as a matter of law defendant Earl Hagman was not guilty of any negligence. It is our duty to view the evidence in the light most favorable to the plaintiff.

The accident occurred after dark on September 26, 1937, at the intersection of Eureka Drive with Ventura Boulevard in the city of Los Angeles. Ventura Boulevard runs east and west, but curves slightly at the intersection. Eureka Drive extends into Ventura Boulevard, but not beyond it. Shortly before the accident the plaintiff parked his automobile on the south side of Ventura Boulevard, a few feet west of Eureka Drive, walked to the southwest corner of the intersection and, as a pedestrian, started to cross Ventura Boulevard. The plaintiff proceeded a distance of from 7 to 10 feet from the curb, then stopped, waiting for traffic conditions to be favorable so that he could proceed safely. During that period 25 or 30 cars with their lights lit passed in both directions. After looking both east and west, the plaintiff, thinking his way clear, proceeded to cross Ventura Boulevard, continuing to look in both directions while doing so. He proceeded until he passed the double white line marking the center of the boulevard, a distance of over 60 feet from the south curb and, continuing for a short distance, was struck without warning by the right front portion of defendants' car which was operated by defendant Earl Hagman, the son of defendant Paul Hagman, and which was proceeding in a westerly direction along Ventura Boulevard. The car had been purchased from appellant by Paul Hagman under a conditional sales contract on the previous day. Defendant Earl Hagman did not see plaintiff until he was within a distance of 25 feet from the point of impact. At the time of the accident the street lights at the intersection were lighted. In attempting to cross the boulevard, plaintiff was following a course which represented the shortest distance between the north and south curb lines of the boulevard.

■ The principal argument advanced by appellant in support of its contention that plaintiff was guilty of contributory negligence as a matter of law and that as a matter of law defendant Earl Hagman was not guilty of any negligence is that plaintiff was not crossing the boulevard in an unmarked crosswalk and therefore was not entitled to the right of way. Such issues become issues of law instead of fact only when the facts are clear and indisputable, and when no other inference than that of contributory negligence or lack of negligence can be drawn from the facts. (*McQuigg* v. *Childs,* 213 Cal. 661 [3 Pac. (2d) 309].) In our opinion, the evidence was such that the question of contributory negligence of the plaintiff or lack of negligence on the part of defendant Earl Hagman was one of fact which was properly submitted to the jury for its determination.

■ Appellant claims that a prolongation of the sidewalk lines of the sidewalk on the west side of Eureka Drive across the boulevard represents the unmarked crosswalk, relying upon section 85 of the Motor Vehicle Code. This section defines an unmarked crosswalk to be: ''That portion of a roadway ordinarily included within the prolongation or connection of the boundary lines of sidewalks at intersections where the intersecting roadways meet at approximately right angles.'' Since the center line of Eureka Drive intersects the tangent of the curve of Ventura Boulevard at about a 65 degree or 70 degree angle, it cannot be said that the intersecting roadways meet at right angles. Plaintiff in his attempt to cross the boulevard was following a course at right angles to the tangent of the curve of the boulevard, such course representing the shortest distance between the north and south curb lines from the southwest corner of the intersection. If plaintiff had been compelled to follow the course suggested by appellant in order to be within the unmarked crosswalk, he would have been exposed to danger for an unreasonably long time because of the greater length of such diagonal course. Municipal ordinance, section 80.39, of the city of Los Angeles provides: ''No pedestrian shall cross a roadway at any place other than by a route at right angles to the curb, or by the shortest route to the opposite curb except in a marked crosswalk.'' The course which plaintiff was following was fully in compliance with the above ordinance. There was sufficient evidence to sustain the implied finding of the jury that plaintiff was within the zone in

which he might rightfully assume that defendant Earl Hagman and other motorists would exercise reasonable care to avoid hitting him.

There is substantial evidence in the record to sustain the implied findings of the jury that the defendant driver was guilty of negligence which was the proximate cause of the accident, and that the plaintiff was free from negligence which contributed to the accident.

The appellant next contends that the instructions of the court on the subject of negligence and contributory negligence were erroneous and prejudicial. Appellant's objections, however, are mainly based upon the claim that the plaintiff was negligent as a matter of law and that there was no evidence to show that the defendant driver was negligent. We have already held that these contentions are untenable. All of the instructions, but one, concerning which appellant complains under this point have heretofore been approved by the appellate courts of this state.

The instruction which has not heretofore been approved is a formula instruction which contains the phrase, "therefore, . . . if you believe . . . that the plaintiff, E. F. Guillot, being himself free from any negligence contributing directly and proximately to the happening of the accident, . . . " The contention of the appellant is that this formula instruction leaves out the element of contributory negligence, and appellant even contends that the instruction directs the jury that the plaintiff was free from any negligence. But the fact is that in six or seven other instructions the court carefully instructed the jury, at the defendants' request, on the question of the contributory negligence of the plaintiff. The court merely used the wrong tense of the verb when it used the word "being", intending to use the word "was", so that in essence the instruction read, "if you believe from the evidence that the plaintiff, E. F. Guillot, was himself free from any negligence", etc. There is nothing in appellant's contention which would warrant a reversal.

The appellant next contends that the judgment against it is without support in the evidence and is contrary to law. In this respect, it should be noted that appellant entered into a valid conditional sales contract for the sale of the automobile to defendant Paul E. Hagman at about 12 o'clock noon on Saturday, September 25, 1937, and at that time delivered possession of the car to defendant Hag-

man. The accident occurred on the following day, which was Sunday. The notice of transfer required by section 177 (b) of the Vehicle Code was not sent in until a later date and was not received by the department of motor vehicles until October 8, 1937. Considering section 402 (f) of the Vehicle Code alone, it would seem that appellant would be absolved from ownership liability because of the fact that it was a conditional vendor. We are, however, confronted with the rule, as stated by the court in *Bunch* v. *Kin*, 2 Cal. App. (2d) 81 [37 Pac. (2d) 744], and *Schmidt* v. *C. I. T. Corp.*, 14 Cal. App. (2d) 92 [57 Pac. (2d) 1016], to the effect that the exemption from ownership liability under section 1714¼ of the Civil Code (now sec. 402 [f] of the Vehicle Code) does not run in favor of a conditional vendor until he has complied with the provisions of the Vehicle Act relative to giving notice of the transfer or to changing the ownership certificate. The court states at page 87 in the case of *Bunch* v. *Kin, supra*: ''In the case of a conditional sale, . . . the seller in order to escape liability as owner, had first either to give notice of the sale to the division of motor vehicles under section 45¾ of the California Vehicle Act (now sec. 177 [b] of the Vehicle Code), or to see that the requirements of section 45 of the same act were complied with, namely: That a new certificate of ownership be issued in which he is named as legal owner. Until one or the other of these things was done the former owner, so far as liability to a third person is concerned, continued to be the owner.''

It is therefore apparent that since appellant had not given the notice of transfer required by section 177 (b) of the Vehicle Code until some time after the accident, it was not relieved from ownership liability by virtue of the provisions of section 402 (f) of the same code. Compliance with the provisions of the code regarding notice is a condition which must first be fulfilled before the conditional vendor may be relieved of his liability as owner.

A second conditional sales contract between the same parties, dated four days after the accident was introduced in evidence. Appellant now contends that it was error for the court to permit proof of the second contract. However, in the light of the foregoing opinion, it was wholly immaterial whether the interest which the conditional vendee acquired was obtained by virtue of the first or second contract, since

in any event the appellant failed to give the notice of transfer prior to the accident.

The appellant next contends that the rulings of the court on the admission of evidence constituted prejudicial error, but we see no ground for the reversal of the case on this contention.

Finally, the appellant contends that the instructions given by the court on owner's liability were erroneous, and further that the court's refusal to give to the jury appellant's requested instruction No. 22 was erroneous. We do not set the instructions out in full because of their length and because in our view of the case there has been no miscarriage of justice (Constitution of California, art. VI, sec. 4½), and it is not necessary for us to discuss the instructions in detail.

Judgment affirmed.

McComb, J., concurred.

WOOD, J., Dissenting.—I dissent. Provision is expressly made in the Vehicle Code that the vendor of an automobile under a contract of conditional sale is not liable for the negligence of the vendee "until the vendor or his assignee retake possession of such motor vehicle". (Sec. 402f.) In section 177 (b) of the Vehicle Code it is provided: "Every dealer upon transferring by sale, lease or otherwise any vehicle, whether new or used, of a type subject to registration hereunder, shall immediately give written notice of such transfer to the department upon the appropriate form provided by it . . . " In *Bunch* v. *Kin*, referred to in the majority opinion, it is said that this provision was made for the protection of the vendor. In that case the vehicle had been sold and delivered six months prior to the accident and no notice had ever been given to the department of motor vehicles and it was properly held that the vendor was not relieved from liability. Any language used in the opinion which might be construed as holding that in all circumstances the vendor is liable until the notice be actually given was not necessary to the determination of the issues then before the court. It will be noted that in the present case the sale and delivery was made on Saturday at 12 o'clock noon and the accident occurred on Sunday, the following day. It is provided in section 10 of the Political Code: "Every Satur-

day from twelve o'clock noon until twelve o'clock midnight is a holiday as regards the transaction of business in the public offices of this state . . . '' It is apparent that it was practically impossible for the vendor to notify the department of motor vehicles ''upon the appropriate form'' before the accident occurred. In construing a statutory provision the ''interpretation must be reasonable''. (Sec. 3542, Civ. Code.) In *Lewis* v. *Curry,* 156 Cal. 93, 101 [103 Pac. 493], it was held that, ''There is no precise definition, so far as time is concerned, of the words 'forthwith' and 'immediately'. In every case the meaning depends upon the circumstances of the case and the act to be performed.'' The rights, obligations and responsibilities of the parties must be determined as of the time of the accident, on Sunday, September 26th. In my opinion a reasonable interpretation of the statute in question forces the conclusion that the Kelley Kar Company was not then liable. The fact that notice was given to the department several days later cannot create a liability where none had theretofore existed.

The rights and obligations of the parties were not changed by the making of a second conditional sale contract four days after the accident. Both contracts covered the same car, the only substantial difference being in respect to the provision for the payment of the balance of the purchase price. Both contracts provided for the down payment of $300, the first contract providing for the payment of the balance in a lump sum and the second providing for monthly payments. The vehicle was sold and delivered under the first contract.

A petition for a rehearing of this cause was denied by the District Court of Appeal on February 23, 1939, and an application by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on March 27, 1939.