[Civ. No. 14005.  Second Dist., Div. Three.  Jan. 14, 1944.]

BERTHA GUTKNECHT, Respondent, v. SAMUEL JOHNSON et al., Defendants; J. H. NORMAN, Appellant.

Paul S. Crouch for Appellant.

Harry E. Templeton and W. W. Kaye for Respondent.

DESMOND, P. J.—In this case plaintiff in the court below, respondent here, recovered damages from defendants Johnson and Norman for injuries sustained on February 21, 1941, when she, as a pedestrian, was struck by a Packard coupé driven by Johnson. He had undertaken to buy the coupé from Norman under a conditional sale contract. The latter appeals from the judgment claiming that the trial court erred in disregarding the uncontradicted testimony that he was not the legal or registered owner of the car at the time of the accident. He also claims that error arose when the trial court denied his motion for a new trial, but, reviewing the evidence as reported in the bill of exceptions, we find no merit in that claim. His present contention that plaintiff was guilty of contributory negligence was not set up as a defense and that is required when reliance is placed upon it (*Crabbe* v. *Mammoth Channel G. Min. Co.* (1914), 168 Cal. 500, 505 [143 P. 714]); nor did the trial court find that the facts warranted any such conclusion. We direct our attention, therefore, to the conditions surrounding ownership of the Packard automobile, and the fixing of liability for the damage done.

The court found that on February 21, 1941, the date of the accident, another named defendant, C. O. Eisele, who apparently was not served, was the registered and legal owner of the Packard car which was at that time licensed by the

State of Texas; that it had been sold on or about February 15, 1941, to defendant Norman, a dealer, as such word is defined in the Vehicle Code of California; that Norman sold the automobile to defendant Johnson under conditional sales contract on or about February 17, 1941; that at the time of the accident, February 21, 1941, the Packard coupé was owned by defendant Johnson; that neither Eisele, Norman or Johnson had at that time "complied with the provisions of the California Vehicle Code in that registration slip for said Packard coupé was not turned in to the Department of Motor Vehicles for transfer, nor was a notice given by the defendant C. O. Eisele to said department of the sale of said Packard coupé to the defendant J. H. Norman, a dealer in used automobiles, nor was a notice given by the defendant J. H. Norman to said department of the sale of said Packard coupé to the defendant Samuel Johnson." Another finding was as follows: "That it is true that the defendant Samuel Johnson was at the time and place of said accident, driving, operating and controlling said Packard automobile hereinbefore referred to *with the consent of his codefendants*." (Italics ours.)

Certain provisions of the California Vehicle Code, in effect at the time of the accident, read as follows, so far as pertinent to this discussion:

*Section 73.* " 'Dealer' is a person engaged in the business of buying, selling or exchanging vehicles of a type required to be registered hereunder who has an established place of business for such purpose in this State."

*Section 177.* "(a) Whenever the owner of a vehicle registered hereunder sells or transfers his title or interest in, and delivers the possession of, said vehicle to another, said owner shall immediately notify the department of such sale or transfer giving the date thereof, the name and address of such owner and of the transferee and such description of the vehicle as may be required in the appropriate form provided for such purpose by the department.

"(b) Every dealer upon transferring by sale, lease or otherwise any vehicle, whether new or used, of a type subject to registration hereunder, shall immediately give written notice of such transfer to the department upon the appropriate form provided by it but a dealer need not give such notice when selling or transferring a vehicle to another dealer."

*Section 178.* "Whether notice of a transfer be given or not as hereinbefore required an owner who has made a bona fide sale or transfer of a vehicle and has delivered possession thereof to a purchaser and has made proper endorsement and delivery of the certificate of ownership as provided in this code shall not by reason of any of the provisions of this code be deemed the owner of such vehicle so as to be subject to civil liability for the operation of such vehicle thereafter by another."

*Section 402.* "(a) Every owner of a motor vehicle is liable and responsible for the death of or injury to person or property resulting from negligence in the operation of such motor vehicle, in the business of such owner or otherwise, by any person using or operating the same with the permission, express or implied, of such owner, and the negligence of such person shall be imputed to the owner for all purposes of civil damages. . . ."

*Subdivision (f)* of *section 402,* is important in the consideration of this case and will be quoted hereinafter at the appropriate point.

*Section 146* specifies the procedure to be followed in applying for registration in California of a vehicle previously registered outside this state, and *section 147* provides that "The department in its discretion may grant a temporary permit to operate a vehicle for which application for registration has been made, where such application is accompanied by the proper fee pending action upon said application by the department."

According to the record, when Norman purchased the automobile and took delivery thereof, he paid for it by means of a sight draft on a finance company, payable only on presentation of California certificates of registration and ownership properly endorsed to him. Shortly thereafter, on February 17, 1941, he sold the car to Johnson, retaining title under conditions set out in the contract and next day received full payment from the same finance company, presumably by discounting Johnson's contract. It was not until February 25, 1941, four days after respondent was injured, that application for registration of the car to Eisele in California was presented to the Division of Motor Vehicles at Los Angeles. The certificates did not clear through the division for approximately a month thereafter or just prior to March 31,

1941, on which date Eisele endorsed them and presented them with the sight draft to the finance company for payment. These certificates Norman presented to the Motor Vehicle Division on the same day, which was forty-two days after he made his conditional sale to Johnson.

█ To relieve his client of liability, counsel for appellant invokes subdivision (f) of section 402, California Vehicle Code, hereinbefore mentioned. That section reads as follows: "(f) If a motor vehicle is sold under a contract of conditional sale whereby the title to such motor vehicle remains in the vendor, such vendor or his assignee shall not be deemed an owner within the provisions of this section, but the vendee, or his assignee shall be deemed the owner notwithstanding the terms of such contract, until the vendor or his assignee retake possession of such motor vehicle. . . ." This provision was not sufficient, under the conditions stated and under the findings made by the court, to free appellant from legal responsibility in case of accident. Similar contentions under somewhat similar conditions have failed to impress the courts in several recent cases. This appears from the opinion in *Ferroni* v. *Pacific Finance Corp.* (1943), 21 Cal.2d 773 [135 P.2d 569]. In that case, at page 776, the court says:

"In approaching the problem presented by this appeal it should first be observed that sections 402 and 177 of the Vehicle Code have been construed as providing that the conditional vendor of an automobile is liable within the amounts stated in the former section for the operation of such automobile with his consent by his conditional vendee in a negligent manner, where he delivers possession of the car to the vendee and fails to comply with section 177 with reference to giving notice of the transfer prior to the occurrence of the accident. (*Guillot* v. *Hagman*, 30 Cal.App.2d 582 [86 P.2d 865]; *Bunch* v. *Kin*, 2 Cal.App.2d 81 [37 P.2d 744]; *Helmuth* v. *Frame*, 46 Cal.App.2d 372 [115 P.2d 846].) Appellant questions the soundness of those cases, but a hearing by this court was denied in all of them and we are not inclined to disapprove them. In the instant action there is no question but that the car was sold on conditional sale contract and that McConnville was the conditional vendee, and as such he was in possession of the car and using it with the consent of the owner at the time of the accident. Nor can it be doubted that there was not an immediate notification to the Motor Vehicle Department by the conditional vendor of the

transfer. (See *Guillot* v. *Hagman, supra.*) The accident occurred the day following the execution of the conditional sale contract; the circumstance with relation to the transfer had not changed since the transfer, and the department was not notified until six days thereafter. Therefore, the conditional vendor, whoever he was, would be liable to plaintiffs because he was the owner within the meaning of section 402 of the Vehicle Code, and was not exempted from its terms by subdivision (f) thereof.'' In applying the foregoing to the instant case, we have in mind particularly the fact that appellant, even before the accident, had received the proceeds of the sale to Johnson, his conditional vendee, and certainly had consented to his use of the Packard automobile.

Appellant cites to us *Helmuth* v. *Frame* (1941), 46 Cal. App.2d 372 [115 P.2d 846], and *Schmidt* v. *C. I. T. Corp.* (1936), 14 Cal.App.2d 92 [57 P.2d 1016], but we find nothing in either of those cases contrary to the view expressed by the court in the Ferroni case, from which we have just quoted.

Judgment affirmed.

Shinn, J., and Bishop, J. pro tem., concurred.