[Civ. No. 19294. Second Dist., Div. One. June 10, 1953.]

LOREN C. ROSENTHAL et al., Respondents, v. HARRIS MOTOR COMPANY et al., Appellants.

404

Frank W. Woodhead and Robert E. Morrow for Appellants.

James C. Hollingsworth and Edward Henderson for Respondents.

SCOTT (Robert H.), J. pro tem.—Defendants Harris appeal from judgment for plaintiffs based upon a jury verdict. Defendant Shinn does not appeal. This action grew out of a collision between plaintiffs' Nash automobile and defendants' De Soto driven by Miss Shinn. Appellants concede that "the evidence was rather clear that the sole proximate cause of the accident was the negligence of Inez Shinn in driving the De Soto Coupe at a high rate of speed on the wrong side of a three-lane highway where it collided with plaintiffs' Nash automobile on the west shoulder of the highway. There was also evidence that Miss Shinn was intoxicated and had been drinking." The accident occurred on January 10, 1951. At about 2 o'clock p.m. on that day, defendant Shinn had signed a conditional sales contract and receipt and had taken delivery of the De Soto from defendants Harris. At 7:30 o'clock p.m. that day, the automobiles collided and plaintiffs were injured and sustained other damage.

It is defendants Harris' position on this appeal that they should be relieved of any liability primarily because they claim that "Inez Shinn was not driving the automobile by virtue of permission of appellants at the time of the accident, but as owner thereof."

Section 402 of the Vehicle Code fixes liability of an owner whose automobile is negligently operated by a person using it with the owner's permission. That liability of appellants existed at the time they delivered the De Soto to Miss Shinn and continued up to and including the time of the accident. To be relieved of this liability it was their duty to comply with section 177 of the Vehicle Code by immediately notifying the Motor Vehicle Department of such sale. They admit that the evidence discloses that "appellants had not yet had an opportunity to send an immediate notice of sale to the Department of Motor Vehicles prior to the accident."

The purpose of Vehicle Code, section 402, is to protect innocent third parties from the careless use of automobiles and this protection should be paramount to the rights

of an owner who has permitted the use of his car by others even though he, personally, was not guilty of negligence.

The foundation of the statutory liability is the permission given to another to use an instrumentality which if improperly used is a danger and menace to the public. (*Burgess* v. *Cahill*, 26 Cal.2d 320, 323 [158 P.2d 393, 159 A.L.R. 1304].) Appellants cite no authority which would relieve them of responsibility as owner but suggest that "the case law should be reappraised" and that "by proper reappraisal of the statutes, this Court can and should hold that as a matter of law that a delay of three to four hours on any day of the week, if there is no fraud or possibility of fraud, should not subject the dealer to liability."

Sections 402 and 177 of the Vehicle Code have been construed as providing that the conditional vendor of an automobile is liable within the amounts stated in the former section for the operation of such automobile with his consent by his conditional vendee in a negligent manner, where he delivers possession of the car to the vendee and fails to comply with section 177 with reference to giving notice of the transfer prior to the occurrence of the accident. (*Ferroni* v. *Pacific Finance Corp.*, 21 Cal.2d 773, 776 [135 P.2d 569]; *Leplat* v. *Raley Wiles Auto Sales*, 62 Cal.App.2d 628 [145 P.2d 350]; *Gutknecht* v. *Johnson*, 62 Cal.App.2d 315 [144 P.2d 854]; *Weinberg* v. *Whitebone*, 87 Cal.App.2d 319 [196 P.2d 963].)

Appellants declare themselves aggrieved because the issue of agency was brought before the jury, by plaintiffs' suggestion that defendant Shinn may have been the agent of the other defendants. They concede, however, that there was absolutely no evidence in the case which would directly or by inference support a finding that at the time of the accident the defendant, Inez Shinn, was acting as the agent of appellants and in the course and scope of such an agency. In its instructions the court mentioned that an issue was raised by the plaintiffs' claim that defendant Shinn was an agent of defendants Harris and the latter's denial of that relationship. This instruction was unnecessary. It was requested by defendants Harris who are not in a position to complain of error in an instruction requested by them.

Other instructions fully covered the issues which were raised by the pleadings and were supported by competent evidence. We would not be justified in assuming that the jury made any implied finding, without facts to support it, on the question of agency merely because of the inadvertent

mention of it in the instructions. We must assume that if agency was considered by the jury its determination was in favor of defendants Harris.

In this connection it is suggested that the trial court erred (1) in not granting a motion of defendants Harris to strike from the amended complaint a third cause of action pleading agency, (2) in refusing their request for special verdicts on the issue of agency, and (3) in not granting a mistrial because some mention of agency was included in the argument of plaintiffs' counsel. We find nothing in these rulings which was in any way prejudicial to defendants Harris, since their liability is clearly established within limits fixed by section 402 of the Vehicle Code, and plaintiffs seek nothing in excess thereof.

Turning now to the verdicts, we observe that the jury found as follows:

(1) In favor of plaintiff Dorothy Rosenthal for $4,000.

(2) In favor of plaintiff Loren C. Rosenthal $1,000 general damages, $1,382.81 damages for medical, dental and hospital care and expenses for both plaintiffs, $960.18 damage to car, $228.50 loss of use of car. Judgment in favor of respective plaintiffs was thereupon entered, making a total sum of $7,571.49. On motion for new trial the total combined award was treated as one judgment and was reduced to $7,313.46, a deduction of $258.03, as to defendants Harris only.

The parties are apparently agreed that the trial court concluded that of the award of special damages in the sum of $1,382.81, that $1,069.35, was for Mrs. Rosenthal. This, added to the $4,000 general damages, exceeded the $5,000 allowable under section 402 of the Vehicle Code and the court made a deduction of $69.35 on that item. It then considered the award of $1,188.68 for damage to the car and loss of use, concluded that it was $188.68 over the $1,000 limit for property damage under the section cited and made a further deduction of $188.68. It thereupon, as above stated, reduced the judgment by $258.03, as to defendants Harris.

With one exception the awards are fully supported by the evidence. The item of $228.50 for loss of use of car lacks this support and must be excluded. The deduction of $188.68, as to property damage has already been made. A further deduction from the judgment is required in the sum of $39.82. This will remove from the judgment the amount of $228.50, which the jury improperly awarded for loss of use of the car.

Defendants Harris further object that the award exceeded the amount prayed for by plaintiffs. The amended complaint alleged certain medical and similar expenses by giving the amount accrued to date of filing, predicting more to come and asking leave to amend when the total amount was ascertained. This formal order amending to conform to proof was never made. Appellants, however, were in no way misled. The evidence amply supports the awards except as to the item just mentioned and because of which the judgment is to be reduced to the sum of $7,273.64.

We have carefully considered this failure of the trial court to amend the pleadings to conform to proof to determine what effect it has, or properly should have, upon our determination. It is true that plaintiffs failed to make their motion when it could and should have been made. But it is also true that defendants were fully aware of plaintiffs' claims in an amount in excess of the figures set out in the complaint and knew that, if proved, the additional amounts should be included in any judgment for plaintiffs. Defendants heard this testimony being given and other evidence being introduced which was more than the precise figures written in the pleadings. They do not direct our attention to any objection or motion made by them to exclude this evidence because the figures exceeded those on the typewritten pages of the amended complaint.

Where liability is established and plaintiffs have proved their damages it would be a miscarriage of justice to take from them that to which they are entitled when those urging this have not been misled, confused or prejudiced by the inadvertent failure of the trial court to make a proper order directing the amendment.

Our Legislature speaking for the people undertook to avoid such injustices in cases tried by the court without a jury by provisions of section 956a of the Code of Civil Procedure. While we do not construe it as applying to cases tried by jury, its spirit is disclosed in the final sentence: ''This section shall be liberally construed to the end, among others, that wherever possible causes may be finally disposed of by a single appeal and without further proceedings in the trial court, except where the interest of justice requires a new trial.'' Having this in mind, when we have recourse to article VI, section 4½ of the Constitution of the State of California, we are reminded of its provisions: ''No judgment shall be set aside, or new trial granted, in any case, on the ground

of misdirection of the jury, or of the improper admission or rejection of evidence, or for any error as to any matter of pleading, or for any error as to any matter of procedure, unless, after an examination of the entire cause, including the evidence, the court shall be of the opinion that the error complained of has resulted in a miscarriage of justice.''

Of the many cases construing and applying that section, we direct attention to those mentioned on pages 719 to 733, inclusive, of Mason's Constitution of California, Annotated 1946. ██ ██ The language used by our Supreme Court in *Etienne* v. *Kendall*, 202 Cal. 251, at page 257 [259 P. 752], appears applicable here: ''Under the terms of this section when the attack upon the judgment is based upon an error in the pleadings it is incumbent upon the appellant to demonstrate before the appellate court that the error complained of has resulted in a miscarriage of justice. But even in such a case the appellate court may not reverse the judgment except upon an examination of the entire cause, including the evidence. Where, therefore, upon an examination of the evidence the appellate court is satisfied that the error complained of has not resulted in a miscarriage of justice, but that in fact it has not affected the substantial rights of the appellant in any particular it would be a distinct violation of this section of the Constitution to reverse the judgment solely upon the ground of the error occurring in the pleadings.''

██ Where defendants, knowing the contents of the pleadings, seeing and hearing the evidence as it went before the jury, realizing that unless a few words and figures were added to the complaint the record would be incomplete, stood mute and permitted the jury and the court, as well as their adversaries, to be misled, they will not now be heard to assert that this has led to any injustice to them. It would be contrary to the spirit of modern and enlightened jurisprudence to reverse a judgment or require a retrial under such circumstances.

For reasons previously stated the judgment is reduced to $7,273.64, and as thus modified it is affirmed.

White, P. J., and Doran, J., concurred.