## ANDREWS v. MOKELUMNE HILL CO.

The fourteenth section of the Practice Act was intended to apply to suits in equity, and not to actions at law.

Where a defect of parties appears upon the face of the complaint, the objection must be taken advantage of by demurrer.

An allegation in an answer that the debt sued for, if due at all, is due to the plaintiff and another, as partners, cannot be treated as a demurrer.

Hereafter the rule is established, that rehearings will not be granted with the same indulgence as formerly.

APPEAL from the District Court of the Fifth Judicial District, County of Calaveras.

On rehearing, the plaintiff, John Andrews, filed his complaint against the Mokelumne Hill Canal and Mining Company, and Allen Cadwallader, setting forth that the plaintiff and Cadwallader had contracted with the Mok. Hill C. and M. Co., to grade a line of canal, and to construct a canal, flume, and aqueduct, between certain specified points; that plaintiff and Cadwallader had completed their work; that Cadwallader, as plaintiff was informed and believed, had been paid, and had given receipts in full for his

share of the amount due on the contract; that there was due to plaintiff, for his share therein, two thousand one hundred and forty-eight dollars and sixty cents, secured by a lien on the canal, flume, and aqueduct, filed by plaintiff and Cadwallader, which the Mok. Hill C. and M. Company refuse to pay; and that the consent of Cadwallader could not be obtained to be joined as plaintiff in this action, for which reason he was made defendant, no claim being made against him.

The complaint prays for judgment for the amount alleged to be due, and for the sale of the property to pay his lien and judgment.

The answer of the Mok. Hill C. and M. Company pleads a discharge of the lien executed in the name of " Cadwallader & Andrews, by A. Cadwallader," and duly acknowledged and recorded. It avers that Cadwallader and Andrews were partners, and claims that any debts due, before such discharge and satisfaction upon said lien for the construction of said canal and flume, were due to Cadwallader and the plaintiff, as partners, and denies the right of plaintiff to recover any portion of the same as his sole and separate demand, and further on information and belief, denies any indebtedness to plaintiff. Both complaint and answer are verified.

On the trial, the jury found a verdict for plaintiff for the amount prayed for, and judgment was entered accordingly. Motion for a new trial was made and overruled, and defendants appealed.

*Heydenfeldt* for Appellants.

1. The only objection of the respondent to the former decision of the Court, which would seem to require an answer, is their allegation that the objection going to the non-joinder of the plaintiffs, was waived by not taking advantage of it by demurrer.

Now we insist—First, that the objection can be taken as well by answer; Second, that as a defendant may answer and demur at the same time, the objection taken in the answer will be considered, if necessary, a demurrer. It does not matter what a particular pleading is called, the Court always looks at the substance of it.

By section forty-five of the Practice Act, the objection is not deemed to be waived unless not taken by demurrer, or answer. If taken by one, the objection is good, and must stand. The law will not imply waiver of a right against an express persistence in it.

2. The respondents' counsel argues against the proposition to require joint-contractors to join as plaintiffs, but shows no good reason for such disfigurement of the practice of law. There is much reason against it. If one is allowed to sue, it can only be

done upon the idea of having a severance of the joint interest, and therefore recovering only his share. But as soon as he collects the half which he claims, whether by suit or not, the law makes him accountable to his co-contractor for one-half the sum collected, and he would then be turned round to sue for one-half, the remaining half, and so on *ad infinitum*.

To say that he should retain the half he collects, would be directly contrary to the rights of property of his partner; for surely a rule of practice merely would not affect a right of property, so as to divest it; and yet, such is the rule contended for.

The truth is, nothing of the kind was intended by the section referred to, because as there was no evil to be cured, therefore, no remedy was designed for this class of cases.

As to one being affected by the fraudulent act of his joint-contractor in dismissing a suit, it is very modestly suggested that such action would be within the remedial control of the Court where the action was brought, if not within the absolute control of the attorney who brought the suit.

3. That the Practice Act allows an amendment to cure a defect of parties, as is cited by respondent, instead of being an argument against the appellants, helps their position, for it certainly contemplates that there is some rule for making parties, and that it must be observed, at the same time, that it furnished an easy remedy where parties have mistaken the rule.

*Robinson, Beatty & Botts,* for Respondent.

The appellants' counsel, on rehearing, virtually admits that the judgment should be affirmed, unless the non-joinder, of which he complains, was taken advantage of by demurrer, or plea in abatement; and he is driven to the necessity of urging, that in the answer there is to be found something that may be considered either a demurrer or a plea, as the exigency of the case may require.

The statute enumerates six distinct causes of demurrer, and declares that "the demurrer shall distinctly specify the ground upon which any of the objections to the complaint are taken, or it may be disregarded."

But when it is remembered that there is an allegation in the complaint—that defendants have settled with Cadwallader for the portion coming to him from the the joint contract, and are still indebted to Andrews in the amount sued for—we understand this clause to be exactly what it was intended to be, and as it was treated on the trial, viz. : a joining of issue upon the allegations in the complaint, that the defendants had agreed to sever the joint-contractors, and settle with each for his separate portion.

When the defendant raises an issue of law and one of fact, he is entitled to have the issue of law first disposed of. To refuse

him is error in the Court—not to ask it is to waive it upon the part of counsel.

If the ancient rule concerning non-joinder of parties be altered, as the appellants admit it is by the statute, and it is now necessary to take the objection by demurrer or by plea, let us ask, what is the object and purpose of the change? Surely, it is to enable the plaintiff, upon judgment against him on that point, to amend his complaint.

But how is this end answered, if the defendant is to be permitted to avail himself of some ambiguous words, stuck into the middle of his answer, which he is pleased to call a demurrer?

How can an issue of law be raised without something significant of a request to have the judgment of the Court upon it? To sum up on this point: the question of non-joinder of Cadwallader as plaintiff, was either raised in the Court below, or it was not. If not, the appellant admits it cannot be raised here; if raised below, as the record does not show, what became of it? It is rather to be presumed to have been waived, than that it was decided erroneously by the Court.

MURRAY, C. J., delivered the opinion of the Court—TERRY, J., concurring.

This case was decided at the January Term, and an opinion rendered reversing the judgment below. A re-hearing was afterwards granted, and the case now comes before us for final adjudication.

The simple question presented for our consideration on the former trial was, whether there was a non-joinder of parties plaintiff or not; it being contended that the fourteenth section of the Practice Act had introduced a new rule, and that one of several parties might maintain an action, on a joint-contract in his own name, by simply suggesting the impossibility of obtaining the consent of the others to join in the action.

Upon examination of this section we were satisfied that it was intended to apply to suits in equity, and not to actions at law. Although we understood that the whole case was submitted on this one point, it turns out upon a re-argument that the non-joinder was not taken advantage of, either by plea or demurrer, and that the point was never raised in the Court below.

This case may be said (without any disrespect to the counsel for the respondents) to be a fair illustration of a most pernicious practice which has sprung up among the bar in many instances, of presenting cases without that care and examination of the record which is necessary to a correct understanding of the case, and afterwards trusting to the indulgence of the Court by way of a petition for a re-hearing. In fact, so common has the practice become, that the idea that a re-argument will be granted as

a matter of course seems generally to obtain, and petitions are filed in almost every case that is decided.

I have had occasion to observe in the last two years that the best, and in many instances, the only arguments which were made in cases before us, were in the form of petitions for re-hearing. Such a practice does great injustice to the bar and the Court, and frequently imposes upon us double labor, besides giving to the decisions a seeming contradiction.

We have taken this occasion to allude to this subject not for the purpose of drawing invidious distinctions between members of the profession, but because the whole bar seems to have fallen into the practice, and we wish to announce that, for the future, we will be less indulgent in such cases.

To proceed, however, with the case. The fortieth section of the Practice Act, among other grounds of demurrer, specifies that the defendant may demur to the complaint when it appears upon its face that there is a defect of parties plaintiff or defendant. Section forty-four provides, that if the matters enumerated in section forty do not appear on the face of the complaint, they may be taken advantage of by answer; and section forty-five provides, that unless such objection be taken either by answer or demurrer, the defendant shall be deemed to have waived the same, except the objection to the jurisdiction of the Court, and that the complaint does not state facts sufficient to constitute a cause of action.

In this case, the objection, if any, appeared upon the face of the complaint, and the defendants should have taken advantage of it by demurrer.

It is contended that that portion of the answer which alleges that the debt sued for, if due at all, is due to Cadwallader and Andrews as partners, should be treated as a demurrer. If this was intended as a demurrer, it certainly was a very awkward way of bringing it to the notice of the Court; it is included in the answer, and seems to be a continuous portion of the same. If it was intended as a demurrer, it does not conform to the statute, which requires that it should distinctly state the grounds of objection. Besides this, no Court could properly sustain such pleading, or uphold a kind of hybrid answer, half demurrer and half plea, with nothing to designate where the one left off and the other commenced.

The most natural supposition is, as the complaint contained an allegation that the parties, Cadwallader and Andrews, had divided their claims against the defendants, and that they had paid Cadwallader, that that portion of the answer already referred to was meant to traverse this allegation. We may, perhaps, be mistaken in this; but if we are, it would make no difference, for the record does not show that this matter was passed upon by the Court below, either as a demurrer or plea in abate-

ment, and the necessary intendment must be that the objection was waived.

Judgment affirmed.