34803. BAILEY, by next friend, *v.* METROPOLITAN CASUALTY INSURANCE COMPANY.

FELTON, J. The provision of a liability-insurance policy, issued by the defendant to the plaintiff, which provides: "Insurance Agreements, Coverage A—Bodily Injury Liability. To pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of bodily injury, sickness or disease, including death at any time resulting therefrom, sustained by any person, caused by

accident and arising out of the ownership, maintenance or use of the automobile," binds the insurer to pay on behalf of the insured only when the insured becomes legally obligated to pay for damages occasioned to a person due to the operation, etc., of the automobile; and, since the insured could never as an individual become legally obligated to pay herself as an individual, the insured cannot recover under the policy for bodily injuries she received when her own automobile, which she was personally operating, overturned.

The fact that the policy describes an "insured" so as to include, in addition to the named insured, any person while using the automobile and any person or organization legally responsible for the use thereof, provided the actual use of the automobile is by the named insured or with his permission, does not render the above insuring clause ambiguous, or in any way modify it except by enlarging the term "insured." Construed together, the provisions mean that the insurance company agrees to pay on behalf of the insured, whether it be the named insured or some other person operating the named insured's automobile with his permission, all sums which such insured shall become legally obligated to pay as damages to some other party. Under no possible construction could any insured, whether the named insured or another person, become legally obligated to pay himself damages for injuries to himself, resulting from his own operation of the named insured's automobile.

This is not an action to recover under a coverage of the policy termed "Medical Payments," under which the insurer agreed to pay all reasonable expenses incurred within one year from the date of the accident for necessary medical and hospital expenses, etc., by a person who sustained bodily injury, etc., by reason of the operation of the automobile by the named insured or other insured, as the plaintiff admits in her petition that her doctor and hospital expenses had been paid by the defendant company under the "Medical Payments" provision of the policy.

The court did not err in sustaining the general demurrer to the petition and in dismissing the action.

*Judgment affirmed. Sutton, C. J., and Worrill, J., concur.*

DECIDED OCTOBER 1, 1953—REHEARING DENIED OCTOBER 24, 1953.

*H. T. Hicks, E. L. Rowland,* for plaintiff in error.
*Harris, Russell, Weaver & Watkins,* contra.