[Civ. No. 20302.   Second Dist., Div. One.   Dec. 7, 1954.]

Estate of HERBERT W. WARD, Deceased.   R. E. ALLEN et al., Respondents, v. JEAN H. COLEMAN, Appellant.

Spiegel, Turner & Wolfson and Albert A. Spiegel for Appellant.

Carl B. Sturzenacker for Respondents.

DORAN, J.—As recited in appellant's brief, ''This is an appeal from an order of the court below approving an agreement entered into by R. E. Allen, administrator of the Estate of Herbert W. Ward, Raymond G. Garner and Ward Enterprises, Inc., a California corporation, in compromise of pending litigation and claims against the estate.   The factual background of the agreement and order is as follows:

''Herbert W. Ward died on May 14, 1949.   Since that time, respondent Raymond G. Garner has contended that he was an equal partner of decedent 'in all business enterprises in which the decedent was engaged and that the decedent recognized him as such.'   Among the enterprises encompassed within that claim and in which Garner claims a half interest are the following: (1) a restaurant and tavern known as the 'Charcoal Broiler,' located at 219 West Grand Avenue, El Segundo, California, and (2) a California corporation known as 'Ward Enterprises, Inc.'   On July 28, 1949, the then administratrix of the estate (petitioner herein), declaring that the said claims of Garner were without foundation, filed a suit for declaratory relief in the Superior Court to test the validity of those claims.

"Shortly thereafter, Ward Enterprises, Inc., filed a creditor's claim in said estate for the sum of $84,949.15 supposedly 'for loans and advances to decedent and to Rounders and Charcoal Broiler, two enterprises in which decedent was interested, totalling $146,747.67, which sum was offset by loans and advances to the corporation by decedent in the sum of $61,798.52.'

"Respondent R. E. Allen, who was appointed administrator to succeed petitioner in the spring of 1950, neither allowed nor disallowed the claim. On July 31, 1952, he entered into an agreement with Ward Enterprises, Inc., and with Garner disposing of their respective claims."

Allen then petitioned the court for approval of the agreement. Appellant Coleman filed objections to the petition. After a hearing the compromise was approved by the court. The appeal herein is from this order.

It is contended by appellant that "The Order of the court below should be reversed since (1) petitioner made no investigation whatsoever to verify the assumptions on which the compromise is predicated, (2) petitioner was completely ignorant of the true status of the accounts between the parties, (3) the facts were not as represented by petitioner, and (4) petitioner, contrary to the provisions of section 718.5 of the Probate Code, failed to show 'the advantage of the compromise' to the estate."

Respondent, on the other hand, argues that "In the approving of an order it is presumed that the court investigated the entire transaction, and if any transaction was ever investigated to an extreme, this one was. I would say we were in court six days, of which five and a half days were taken up by Mr. Spiegel's investigation of the books, income tax statements and every conceivable angle was presented to the court; the court took the matter under consideration and approved the settlement. A careful investigation of the transcript will certainly reveal that the court did not rely upon the testimony altogether of Mr. Allen, Mr. Walker, Mr. Garner or of counsel for this respondent, but the court took into consideration the accumulation of documentary evidence and the testimony of the respective parties. The contestant presented no testimony only in support of her contest."

Obviously the issue presents a question of fact. It would serve no useful purpose to recite the details relating to the transaction. It is sufficient to note that a review of

the record reveals that the evidence was sufficient to support the court's order and judgment; moreover, there was no abuse of discretion.

The order is affirmed.

White, P. J., and Drapeau, J., concurred.