406 P.2d 129

James E. **PENDLEBURY**, Plaintiff and Cross-Defendant, Respondent and Cross-Appellant,

v.

**WESTERN CASUALTY AND SURETY COMPANY,** Defendant and Cross-Plaintiff, Appellant and Cross-Respondent,

and

Blair Hammon, d/b/a Blair Hammon Garage, also known as Blair Hammon Volkswagen Sales, Defendant.

No. 9618.

Supreme Court of Idaho.

Sept. 27, 1965.

Ferebauer & Barnard, Idaho Falls, for appellant and cross-respondent.

Kerr & Williams, Blackfoot, for respondent and cross-appellant.

SMITH, Justice.

We shall sometimes refer to James E. Pendlebury as the plaintiff or Pendlebury; Western Casualty and Surety Company as the surety company, and Blair Hammon as the defendant or Hammon.

Plaintiff Pendlebury brought this action October 26, 1962, for recovery of funeral expenses, under an automobile liability insurance policy issued by the surety company to defendant Blair Hammon insuring him against legal liability growing out of the operation of his Volkswagen automobile by himself or anyone with his consent; also for attorneys' fees incurred in this action and in another action. The policy covered liability for funeral expenses not exceeding $1,000 per person.

Prior to October 27, 1958, Hammon operated a garage and sold Volkswagen automobiles. Pendlebury worked for Hammon on a commission basis selling automobiles.

Some days prior to October 27th, Hammon gave Pendlebury and his wife permission to use the Volkswagen automobile for demonstration and personal purposes. On October 27, 1958, Mrs. Pendlebury, accompanied by her three children, was operating the Volkswagen for personal purposes. She became involved in a collision, caused by her negligence, with a truck owned by Theron O. Brown. Mrs. Pendlebury and the three children were killed in the accident. Their funeral expenses amounted to $1965.16. Brown's truck was damaged in excess of $1,000.

Hammon and a representative of the surety company knew of the accident a day or so after it happened and the surety company caused an investigation to be made.

Theron O. Brown on October 26, 1960, brought an action to recover the damage to his truck, directed against Blair Hammon as

owner of the Volkswagen automobile, and Pendlebury individually and as administrator of his wife's estate. The surety company provided Hammon his defense in the Brown action. The company took the position, however, that Hammon had sold the Volkswagen to Pendlebury prior to the date of the accident and that the funeral coverage of the policy did not extend to Pendlebury. The conflict in interest between Hammon and his insurer on the one hand, and Pendlebury on the other hand, as to the ownership of the vehicle, resulted in the suggestion by the surety company's counsel that Pendlebury should employ independent defense counsel in that action, which he did.

The trial court, upon trial of the Brown action, found, however, that Hammon owned the Volkswagen on October 27, 1958, the date of the accident. The court thereupon dismissed the Brown action as to Pendlebury individually and as administrator; and entered judgment against Hammon in favor of Brown, for $1,000 damage to his truck and costs of $86.85, pursuant to I.C. § 49–1404,[1] which the surety company paid, and it has not been reimbursed therefor.

In the instant action the surety company admits that Hammon owned the Volkswagen on October 27, 1958, and the trial court so found.

The surety company in its answer admitted and alleged that in addition to the funeral expense coverage, the policy insured Blair Hammon "for loss on account of liability for bodily injury and death, or property damage, arising from negligence *in the operation of the motor vehicle described in*

---

1. "49–1404. Owner's tort liability for negligence of another—Subrogation.—1. Responsibility of owner for negligent operation by person using vehicle with permission—Imputation of negligence. Every owner of a motor vehicle is liable and responsible for the death of or injury to a person or property resulting from negligence in the operation of such motor vehicle, in the business of such owner or otherwise, by any person using or operating the same with the permission, expressed or implied, of such owner, and the negligence of such person shall be imputed to the owner for all purposes of civil damages.

"2. Limitation of liability. The liability of an owner for imputed negligence imposed by this section and not arising through the relationship of principal and agent or master and servant * * * is limited to the sum of $1,000 for damage to property of others in any one accident.

\*　\*　\*　\*　\*

"4. Subrogation of owner to rights of person injured—Recovery from operator —Bailee and driver deemed operators. In the event a recovery is had under the provisions of this section against an owner on account of imputed negligence such owner is subrogated to all the rights of the person injured and may recover from such operator the total amount of any judgment and costs recovered against such owner. If the bailee of an owner with the permission, expressed or implied, of the owner, permits another to operate the motor vehicle of the owner, then such bailee and such driver shall both be deemed operators of the vehicle of the owner, * * *

\*　\*　\*　\*　\*　\*."

*the complaint by the insured or by any person operating said vehicle with the consent of said insured."* (Emphasis supplied.)

Plaintiff and defendant surety company both submitted statements of fact which were admitted in evidence. Plaintiff's statement contained, inter alia, the following which the surety did not controvert:

"The policy of insurance involved provided among other things that the word 'insured' includes any person while using an automobile covered by said policy and any person or organization legally responsible for the use thereof, providing actual use of the automobile is by the named insured or with his permission."

Plaintiff bases his right of recovery of the funeral expense under the medical and funeral benefits provision of the automobile liability insurance policy issued by the surety company to the defendant Hammon as the named insured, growing out of the operation of Hammon's Volkswagen automobile by Mrs. Pendlebury with Hammon's consent.

He based his claim for recovery of attorneys' fees ($650.00) and costs in this action under I.C. § 41–1839 [2] on the ground that the claim for funeral expense is an action for recovery under the insurance policy; that payment thereof, due under the policy, was not made within 30 days after proof of loss was furnished, and that the surety company refused payment.

He asserts his right to recover his attorneys' fees ($750.00) and costs incurred in defending the Theron O. Brown action on the ground that the surety company, by reason of the contract of insurance was under the duty to defend him, Pendlebury, a defendant named in that action but, because of adverse interests between him and the surety, which the trial court concluded were unfounded, that he was compelled to employ his own defense counsel. He bases his claim on the theory that he is an "additional assured" under the terms of the policy.

2. "41–1839. Allowance of attorney fees in suits against insurers.—(1) Any insurer issuing any policy, certificate or contract of insurance, surety, guaranty or indemnity of any kind or nature whatsoever, which shall fail for a period of thirty (30) days after proof of loss has been furnished as provided in such policy, certificate or contract, to pay to the person entitled thereto the amount justly due under such policy, certificate or contract, shall in any action thereafter brought against the insurer in any court in this state for recovery under the terms of the policy, certificate or contract, pay such further amount as the court shall adjudge reasonable as attorney's fees in such action.

"(2) In any such action, if it is alleged that before the commencement thereof, a tender of the full amount justly due was made to the person entitled thereto, and such amount is thereupon deposited in the court, and if the allegation is found to be true, or if it is determined in such action that no amount is justly due, then no such attorney's fees may be recovered.   *   *   *   *   *   *."

The surety company in its answer admits liability for plaintiff's funeral claim subject to the company's assertion of its entitlement to a set off under the provision of I.C. § 49–1404 (see footnote 1), of $1,086.85 which it paid on behalf of the insured Blair Hammon to Theron O. Brown in extinguishment of the judgment in the Brown action. The surety company claims such set off by right of subrogation under Hammon, the owner of the vehicle involved in the accident.

The surety company denies liability for plaintiff's claim for costs and attorneys' fees which he incurred in defending the Brown action. It bases its denial on the ground of failure of proof that plaintiff was insured under the terms of Hammon's policy as an "additional assured," or otherwise.

The surety company also denies liability for plaintiff's claim for attorneys' fees in the present action on the ground that plaintiff was not entitled to recover more than the funeral expenses, but that in any event the company was entitled to a set off against said sum, of $1,086.85 paid in extinguishment of the Theron O. Brown judgment.

The trial court allowed recovery in favor of plaintiff of funeral expense of $1965.16, and $750.00 for attorneys' fees and $48.50 costs incurred in defending the Brown action, less $1,086.85 as a set off to the surety company. The court disallowed plaintiff's attorneys' fees, but allowed costs of $39.65 incurred in the instant action. It entered judgment in favor of plaintiff in the sum of $1716.46.

Plaintiff and the surety company perfected appeals from the judgment.

Plaintiff assigns error of the trial court:

In failing to find and allow the amount of his reasonable attorneys' fees incurred in prosecuting the instant action, and in failing to render judgment therefor in his favor.

In finding and concluding that the surety company, by paying the judgment in the Theron O. Brown action, became subrogated to the rights of defendant Hammon to recover against plaintiff under the provisions of I.C. § 49–1404 and thus entitled to the set off of $1,086.85 paid on behalf of Hammon in extinguishment of the judgment in the Brown action.

In failing to adjudge plaintiff to be entitled to the full amount of $1,965.16 funeral expenses, without set off of $1086.85 which the surety company paid in the Brown action.

In failing to allow plaintiff interest from the date the surety company denied liability.

The surety company assigns error of the trial court:

In finding that the surety company was legally obligated to defend plaintiff

in the Theron O. Brown action, and in ruling that plaintiff is entitled to recover from the company his attorneys' fees and costs in defending that action.

The surety company in arguing its assignments of error points out that the automobile liability insurance policy was not introduced in evidence; that since the policy itself is the best evidence of the contract and it not having been put in evidence or its absence duly explained, plaintiff failed to meet the burden of proving coverage under the policy.

Plaintiff on the other hand points to the answer of the surety company wherein it admitted and alleged the issuance of its policy insuring Blair Hammon against liability arising from negligence in the operation of his Volkswagen automobile, or by any person with the consent of the insured, and that the policy contained a provision for payment of funeral expenses caused by accident growing out of the use of such automobile while used by Hammon or with his permission, not exceeding a limit of $1,000 per person.

Moreover the surety did not controvert plaintiff's statement, introduced in evidence, that the policy contained an "omnibus" provision to the effect that the term "insured" included the named insured and also any other persons while using the automobile, or any person or organization legally responsible for the use thereof, at the time of the accident, provided the actual use is by the named insured or with his permission. 5A Am.Jur. Automobile Insurance § 90, p. 88.

Furthermore, the surety company in its brief admits the policy provides that in addition to the named insured, the insurance provided should extend to any person while using an automobile covered by the policy and any person or organization responsible for the use thereof, provided the actual use of the automobile is by the named insured or with his permission.

There is no controversy between the parties concerning the fact, admitted by or stemming from the pleadings, that the policy coverage extended not only to the insured Hammon, but to anyone operating his automobile with his permission. Plaintiff's counsel, in response to a question regarding offering the policy in evidence, stated, "I don't have the policy. I thought the admissions in the answer covered the point;" and the surety company's counsel stated that "in view of the request for admission it would be unnecessary to have the policy introduced in evidence."

■ Where both parties to an action try their case upon the same theory as to the issue tendered by the pleadings, they are bound by the theory adopted. Eastern Idaho Loan & Trust Co. v. Blomberg, 62 Idaho 497, 113 P.2d 406 (1941).

■ Facts admitted by the pleadings need not be proved. Murtaugh Highway District v. Merritt, 59 Idaho 603, 85 P.2d 685 (1938); Burleson v. Tucker, 78 Idaho 262, 300 P.2d 816 (1956); Cloughley v. Orange Transportation Co., 80 Idaho 226, 327 P.2d 369 (1958).

The trial court in the Brown action found that Mrs. Pendlebury, at the time of the accident, was driving Hammon's Volkswagen automobile covered by the policy issued by the surety company, with Hammon's permission, which constituted Mrs. Pendlebury an insured person under the policy while so using the automobile. Although the surety company injected the controversy concerning the ownership of the motor vehicle, i. e., whether owned by Hammon or Pendlebury, nevertheless it defended Hammon, but did not tender a defense to Pendlebury. On the other hand, through its counsel, it suggested to Pendlebury, because of the ostensible conflict in interests, that he should employ independent counsel; thereby he was compelled to do so, and he defended therein in his individual capacity.

In the Brown action Brown, in his amended complaint directed against Blair Hammon and against Pendlebury individually and as administrator of his wife's estate, alleged Mrs. Pendlebury's negligent driving of the automobile on October 27, 1958; the collision with Brown's truck and resulting damage; and the death of Mrs. Pendlebury. He then alleged that Mrs. Pendlebury was driving the automobile with the knowledge and consent of the defendants on community business of herself and husband, or on the business of Blair Hammon.

The amended complaint thus stated a claim directed against Pendlebury, both individually and as administrator, or in the alternative against Blair Hammon, inasmuch as the automobile at the time was owned by Hammon. The surety company had insured the liability of Hammon growing out of his operation of the vehicle, or the liability of anyone driving it with his permission. The surety company was obligated under the terms of the policy as alleged in the complaint, to defend Pendlebury in both or either of the capacities in which he was sued, simply because the allegations of the complaint pointed to the potential liability of the surety company to Pendlebury as an insured, individually, or in a representative capacity.

■■ An insurer is obligated to defend even though the complaint fails to state a claim covered by the policy, where the facts of the case, if established, present a potential liability of the insured. Doubt as to the obligation of an insurer to defend should be resolved in favor of the insured. Crum v. Anchor Casualty Co., 264 Minn. 378, 119 N.W.2d 703 (1963); Hardware Mut. Casualty Co. v. Hildebrandt, 119 F.2d 291, 297 (10th Cir. 1941); Henry v. Johnson, 191

Kan. 369, 381 P.2d 538 (1963); Maryland Casualty Co. v. Willsey, 380 P.2d 254 (Okl. 1963); Isenhart v. General Casualty Company of America, 233 Or. 49, 377 P.2d 26 (1962); Town of Tieton v. General Insurance Co. of America, 61 Wash.2d 716, 380 P.2d 127 (1963); Wilson v. Maryland Casualty Co., 377 Pa. 588, 105 A.2d 304, 50 A.L.R.2d 449 (1954); Annot. 50 A.L.R.2d 458; 29A Am.Jur. Insurance §§ 1452–1454.

An insurer which fails for a period of thirty days after proof of loss to pay the person entitled thereto the amount justly due under the policy, shall in any action thereafter pay such further amount as the court shall adjudge reasonable as attorney's fees in such action. I.C. § 41–1839.

Such attorney's fees must be allowed unless it is alleged that before the commencement of the action, a tender of the full amount justly due was made to the person entitled thereto, and such amount is thereupon deposited in the court, or it is determined that no amount is justly due. I.C. § 41–1839.

Attorney's fees may be recovered without demand for payment by the insured where the insurer has denied liability. 29A Am.Jur. Insurance § 1698; American Eagle Fire Insurance Co. of New York v. McKinnon, 36 Ariz. 409, 286 P. 183 (1930); Annot. 145 A.L.R. 343 at 348. See also Lewis v. Snake River Mut. Fire Ins. Co., 82 Idaho 329, 353 P.2d 648 (1960).

Crum v. Anchor Casualty Co., supra, was an action for recovery of amounts from the defendant casualty company, including attorney's fees and costs which plaintiffs paid in defending a separate action, the plaintiffs contending that the company was obligated to defend. In upholding a summary judgment granted in favor of plaintiffs, the court took cognizance of situations which may arise when an insurer undertakes the defense of an action for the insured and a conflict arises between the insured and the insurer as to its obligation to defend; that in such an instance an attorney provided by the insurer may be placed in an extremely awkward situation in that he may not be permitted to take a position adverse to the interest of his client. The court pointed out however, that although the insurer ascertains facts in conflict with the allegations of the complaint which, if established, will present a potential liability on the part of the insured covered by the insurance contract, nevertheless the obligation to defend on the part of the surety continues and it is obligated to undertake the defense. The Court then continued: "That rule does not prevent the insurer from seeking an independent determination of its liability to defend in an appropriate proceeding between the insurer and the insured." 264 Minn. at 392, 119 N.W.2d at 712.

The trial court in the case at bar correctly found that the surety company

was obligated to defend plaintiff in the Brown action, and in adjudging plaintiff to be entitled to his attorneys' fees and costs incurred in defending that action.

We now approach the issue raised by plaintiff's assignments, whether the trial court erred in failing to enter judgment against the surety company in favor of plaintiff for the full amount of $1965.16 funeral expense, without set off of the $1086.85 which the surety paid on behalf of its insured Hammon in extinguishing the judgment in the Brown action.

The answer depends upon whether the surety company as Hammon's insurer, became subrogated to the rights of Hammon, if any, to recover against Pendlebury under the provision of I.C. § 49–1404 (see footnote 1) and thus entitled to the set off.

We have hereinbefore pointed out that at the time and place of the accident Mrs. Pendlebury was driving the Volkswagen with the permission of Hammon, the insured owner, thus constituting Mrs. Pendlebury an insured under the automobile liability insurance policy covering the liability of Hammon in the operation of the automobile, or of anyone operating it with the permission of the insured.

The trial court in the Brown action found that the negligence of Mrs. Pendlebury was imputed to Blair Hammon under the provision of I.C. § 49–1404 which, as applied herein, rendered Hammon, the owner of the Volkswagen, liable for damage to Brown's truck resulting from the negligence in the operation of the Volkswagen in Hammon's business, or otherwise, by Mrs. Pendlebury operating the vehicle with Hammon's permission, and that the negligence of Mrs. Pendlebury was imputed to Hammon, the owner, for all purposes of civil damages.

I.C. § 49–1404, however, does not touch upon the aspect of insured liability, which is involved in this action. The reasoning under such section of the statute, in the light of the insured liability herein, is as follows:

Since the damage caused by the negligence of Mrs. Pendlebury is imputed to Hammon, the owner of the Volkswagen, then Hammon must respond to Brown for the civil damages of $1086.85, the amount of the judgment in the Brown action, in the absence of insurance; but, there being insurance covering Mrs. Pendlebury as an insured, then the surety company must respond, not only on behalf of Hammon, the insured owner, but also on behalf of Mrs. Pendlebury, as an additional insured, both being insured under the same policy which covered liability growing out of the operation of the Volkswagen.

The obligation having been assumed by the surety company pursuant to the contract of insurance, then no subrogation

can attain by virtue of the surety company having paid the civil damages to Brown growing out of the negligent operation of the Volkswagen by Mrs. Pendlebury, an insured.

An additional insured, or in the instant case, one whose liability, growing out of the operation of a motor vehicle by permission of the owner, is protected under the owner's policy of insurance covering such liability, and is entitled to the same protection as the named insured.

In Maryland Casualty Co. v. United States Fidel. & G. Co., 91 Ga.App 635, 86 S.E.2d 801 (1955), the court pointed out as follows:

"2. Under the terms of this policy, the plaintiff insurer is obligated 'to pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of bodily injury * * * sustained *by any person* (emphasis added) caused by accident and arising out of the ownership, maintenance or use of the automobile.' * * * As seen above, Kermit Faglier became an insured by express permission, and Astor Williams became an insured by express permission, of the named insured Roy Black. * * * The provision means 'that the insurance company agrees to pay on behalf of the insured, whether it be the named insured or some other person operating the named insured's automobile with his permission, all sums which such insured shall become legally obligated to pay as damages to some other party.' Bailey v. Metropolitan Casualty Ins. Co., 89 Ga.App. 53, 54, 78 S.E.2d 626, 627." 91 Ga.App. at 639, 86 S.E.2d at 804.

See also Travelers Insurance Co. v. General Casualty Co., 187 F.Supp. 234 (D.C.Idaho 1960); National Farm U. Prop. & Cas. Co. v. Farmers Ins. Group, 14 Utah 2d 89, 377 P.2d 786 (1963); Osborne v. Security Insurance Company, 155 Cal.App.2d 201, 318 P.2d 94 (1957); Oklahoma Farm Bureau Mut. Ins. Co. v. Bryant, 318 P.2d 430 (Okla. 1957).

In Leach v. Farmer's Automobile Interinsurance Exchange, 70 Idaho 156, 158, 213 P.2d 920, 922 (1950), the court pointed out that by the terms of the policy the term "insured," also included "any person while using the automobile and any person or organization legally responsible for the use thereof, provided the actual use of the automobile is with the permission of the named insured". The surety company in its answer herein admitted and alleged that its policy contained an almost identical provision; it alleged that the policy insured against liability arising from negligence in the operation of the motor vehicle "by the insured or by any person operating said

vehicle with the consent of the said insured."

■ An insurer is not entitled to recovery by way of subrogation against an alleged wrongdoer who is protected by the policy. 46 C.J.S. Insurance § 1209b(6), p. 165. This rule appears well supported by the authorities.

In Traders & General Ins. Co. v. Pacific Employers Ins. Co., 130 Cal.App.2d 158, 278 P.2d 493 (1955), the purchaser of an automobile under a conditional sales contract, while operating the vehicle before title clearance, was involved in an accident. In attempting to avoid sharing liability for the damages attributable to the accident, the vendor's insurer relied upon the subrogation provision of California's Vehicle Code of 1935, § 402(d) [renumbered in 1959 that § 402(d.1) is now Cal.Veh.Code, § 17153 and § 402(d.2 and d.3) is § 17154.] which is almost identical to § 49–1404 subd. 4 (see footnote 1). The insurer insisted that even if the vendor was liable as owner nevertheless under such statutory provision he was entitled to reimbursement from the operator-vendee and, consequently, from the latter's insurance carrier; that to prevent multiplicity of lawsuits, the trial court should have recognized the rights of the vendor and his insurer, to subrogation against the operator, and her insurer. The court in rejecting that theory said:

"* * * This contention, however, is built upon the erroneous belief that the Pacific policy covered only Harris' liability as owner and did not provide any coverage for the operator, Shinn.

"The Pacific policy was not restricted in coverage to the named insured. The insured to whom coverage was granted included not only the named insured but also any person using an automobile covered thereby with permission of the named insured. As operator of the DeSoto with the permission of the owner Harris, Shinn was expressly included as an insured under the Pacific policy." 130 Cal.App. 2d at 166, 278 P.2d at 499.

In Middlesex Mutual Fire Insurance Company v. Ballard, 148 So.2d 865 (La. 1963), a woman, while using an automobile with permission of the owner, collided with another vehicle. The owner's insurer paid the owner of the other vehicle for the damage sustained and, as a subrogee, sued the driver and her husband as bailees, and their public liability insurer for reimbursement. The owner's insurer contended that the bailees would have been liable to the owner; and that the insurer became subrogated to this right of action. The trial court held, on motion for summary judgment, that the woman operator was covered by the owner's insurance policy and that therefore, the

insurer had no cause of action for reimbursement. In upholding the trial court's judgment, the Louisiana Court quoting from the trial judge's opinion stated":

"'* * * Under the policy, any person using the insured automobile with the permission of the named insured is covered by the policy. Even though Mr. Dees would have had an action against Mr. and Mrs. Ballard if he did not have insurance, the fact that he had insurance, and the fact that the insurance covers Mrs. Ballard, denies this right of action to his insurer.'" 148 So.2d at 869.

In Maryland Casualty Co. v. United States Fidel. & G. Co., supra, the rule is stated as follows:

"* * * [I]t appears to us that the better weight of authority is to the effect that one who, by reason of an extended-coverage clause in an automobile liability insurance policy, becomes an 'insured' is entitled to all of the protection afforded to the original, or named, insured, and for this reason is entitled to indemnity against liability resulting from bodily injury sustained in an upset arising out of the actual use of the automobile with the permission of the named insured, * * *." 91 Ga.App. at 640, 81 S.E.2d at 804.

See also New Amsterdam Cas. Co. v. Shumaker, Ohio Com.Pl., 108 N.E.2d 305 (1951); Jackman v. Jones, 198 Or. 564, 258 P.2d 133 (1953); Miller v. Kujak, 4 Wis. 2d 80, 90 N.W.2d 137 (1958).

■ The trial court erred in allowing the surety company a set off in the instant action of $1086.85 paid in satisfaction of the judgment in the Brown action.

Plaintiff's assignment that the trial court erred in failing to allow him a reasonable attorneys' fee in the instant action is meritorious.

■ In its memorandum decision rendered in the present case, the trial court ruled that plaintiff was not entitled to attorneys' fees for having brought the action since it appeared to the court that the surety company was willing at all times to pay the amount due and owing to plaintiff. Even if such be true, it still fails to meet the statutory test of allegations of tender of the amount justly due, and of deposit of the amount into court before the commencement of the action. I.C. § 41-1839.

■ Actually, until the trial of the Brown action, the surety company did not acknowledge any liability and then, in its answer in the Brown action, it admitted that it had had prompt notice of the accident and loss and had failed and refused to pay the funeral expense for a period of thirty days after proof of loss furnished and still failed and refused to pay the same.

Later, in this action, it admitted liability to plaintiff for the funeral expense of $1965.-16, subject, however, to the set off of $1086.85. Again, such qualified admission of liability did not meet the mandate of I.C. § 41–1839 of tender and payment into court. Moreover, as determined herein, the surety company was not entitled to assert such set off; hence at no time did it admit its liability for the full amount justly due plaintiff. Furthermore, it is axiomatic that the obligation of I.C. § 41–1839 became part and parcel of the contract of insurance to the same effect as though incorporated therein.

▬ The refusal of an insurer to defend an action against its insured, the refusal being based upon the erroneous assumption that the claim was not within the policy coverage, is unjustified and renders the insurer liable for breach of contract. Coast Lumber Co. v. Aetna Life Insurance Co., 22 Idaho 264, 125 P. 185 (1912); Boise Motor Car Co. v. St. Paul Mercury Indemnity Co., 62 Idaho 438, 112 P.2d 1011 (1941); Annot. 49 A.L.R.2d 694; Annot. 50 A.L.R.2d 458.

Plaintiff is entitled to attorneys' fees in bringing and prosecuting the instant action in the district court. He alleged the sum of $650.00 as a reasonable sum to be allowed therefor. We find such sum to be reasonable.

Lastly, plaintiff's assignment that the trial court erred in failing to allow interest from the date the surety company denied liability is meritorious.

▬ When an insurer denies liability, the recovering plaintiff is entitled to interest at the legal rate from date of the denial as for money due on a contract. I.C. § 27–1904; Intermountain Ass'n of Credit Men v. Milwaukee Mechanics' Ins. Co., 44 Idaho 491, 258 P. 362 (1927); Gem State Mutual Life Association v. Gray, 77 Idaho 157, 290 P.2d 217 (1955); 46 C.J.S. Insurance §§ 1399–1401, pp. 706–707.

▬ Plaintiff asserts that the interest should have been allowed from the date the surety company denied liability which he stated was October 28, 1958, the day after the accident; also that subsequently the surety company through an agent denied liability "more than two weeks after the accident and less than six months."

The district court in its memorandum decision ruled in effect that the plaintiff was entitled to interest on the recovery of $1965.16 in the instant action from December 1, 1958; and on the sum of $750.00, allowed Pendlebury as attorneys' fees in the Brown action, from the date of the judgment therein, July 22, 1963. However, the judgment omitted those interest provisions.

Consonant with the foregoing the judgment of the district court is affirmed in part and reversed in part, and the cause is remanded with instructions to enter judgment adjudging that the plaintiff James E. Pendlebury recover from the defendant Western Casualty and Surety Company the following sums:

$1965.16, funeral expenses, together with interest thereon at the rate of 6% per annum from December 1, 1958, until paid;

$39.65, plaintiff's costs incurred in the instant action, together with interest thereon at the rate of 6% per annum from the date of judgment herein, September 18, 1964, until paid;

$650.00, attorneys' fees allowed plaintiff in the instant action, together with interest thereon at the rate of 6% per annum from the date of judgment herein, September 18, 1964, until paid; and

$750.00, attorneys' fees incurred in the Bannock County district court case, No. 21913, being the so-called Theron O. Brown action, and costs of $48.50 incurred in that action, totaling $798.-50, together with interest thereon at the rate of 6% per annum from the date of judgment in that action, July 22, 1963, until paid.

Costs to James E. Pendlebury, plaintiff and cross-defendant, respondent and cross-appellant.

McQUADE, C. J., and McFADDEN, TAYLOR and KNUDSON, JJ., concur.